# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **GPH Louisville Hillcreek LLC, et al.,** | **Case No. 1:24mc00033** |
| **Plaintiffs,** | |
| | **JUDGE PAMELA A. BARKER** |
| **-vs-** | |
| | **Magistrate Judge Jonathan D. Greenberg** |
| **Redwood Holdings, LLC, et al.,** | |
| **Defendants.** | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court upon Defendant/Judgment Debtor Eli M. Gunzburg's Objections (Doc. No. 61) to the Orders of Magistrate Judge Jonathan D. Greenberg directing garnishees Charles Schwab & Co., Inc. and Massachusetts Mutual Life Insurance Company to pay certain funds to the Clerk of Court. (Doc. Nos. 56, 57.) Plaintiffs/Judgment Creditors GPH Louisville Hillcreek LLC, GPH Louisville Camelot LLC, GPH Louisville Mt. Holly LLC, GPH Louisville St. Matthews LLC, GPH Frankfort LLC, GPH Kirtland LLC, GPH Vanceburg LLC, GPH Stanford LLC, and GPH Greensburg LLC (hereinafter referred to collectively as "Judgment Creditors") filed a Response in Opposition on January 2, 2025, to which Defendant/Judgment Debtor Gunzburg (hereinafter "Gunzburg") replied on January 9, 2025. (Doc. Nos. 62, 65.)

For the following reasons, Gunzburg's Objections are GRANTED IN PART and DENIED IN PART, as set forth below.

## I. Relevant Background

On January 25, 2024, District Judge Rebecca Grady Jennings of the United States District Court for the Western District of Kentucky issued Findings of Fact & Conclusions of Law after conducting a seven day bench trial in the matter of *GPH Louisville Hillcreek LLC, et al. v. Redwood*

*Holdings, LLC, et al.*, Case No. 3:21-cv-63 (W.D. Ky.) (hereinafter "the Kentucky action").  Therein, Judge Jennings awarded Judgment Creditors a total of $513,440.40 in damages from Defendants Redwood Holdings, LLC,  Hillcreek Leasing, LLC, Camelot Leasing, LLC, Mt. Holly Leasing, LLC, St. Matthews Leasing, LLC, Frankfort Leasing, LLC, Kirtland Leasing, LLC, Vanceburg Leasing, LLC, Stanford Leasing, LLC, Green Hill Leasing, LLC, and Gunzburg (hereinafter referred to collectively as "Judgement Debtors").  (Doc. No. 3.)  Judge Jennings also found Gunzburg personally liable for breach of guaranty.  (*Id.*)  On May 1, 2024, Judge Jennings awarded Judgment Creditors an additional $524,344.00 in attorney's fees and $21,739.05 in costs.  (Doc. No. 1-1.)  Thus, the total principal amount awarded to Judgment Creditors in the Kentucky action is $1,059,523.45.

On July 10, 2024, Judgment Creditors filed a Certificate of Judgment for Registration in the Northern District of Ohio, attaching Judge Jennings' May 1, 2024 Memorandum Opinion & Order. (Doc. Nos. 1, 1-1.)  Judgment Creditors later filed a Notice attaching Judge Jennings' Findings of Fact and Conclusions of Law.  (Doc. Nos. 2, 3.)

On July 25, 2024, Judgment Creditors filed Requests for Writs of Non-Wage Garnishment pursuant to Ohio Revised Code §§ 2716.11 and 2716.13 to nine (9) third-party garnishees, including Charles Schwab & Co, Inc. (hereinafter "Charles Schwab").  (Doc. Nos. 4 through12.)  In accordance with Ohio Rev. Code § 2716.13, Judgment Creditors' Request for Writ of Non-Wage Garnishment to Charles Schwab included the following: (1) Affidavit in Support of Request for Writ (Doc. No. 5-1); (2) Order and Notice of Garnishment of Property other than Personal Earnings and Answer of Garnishee (Doc. No. 5-2); (3) Instructions to the Clerk to Issue to the Judgment Debtor a Notice and Request for Hearing Form (Doc. No. 5-3); (4) Notice to the Judgment Debtor (Doc. No. 5-4); (5)

Request for Hearing form (Doc. No. 5-5); and (6) Order to Pay Garnished Funds to Judgment Creditors (Doc. No. 5-6).

Among other things, the Instructions to the Clerk (Doc. No. 5-3) attached to the Request for Writ instructed the Clerk of Court to issue two copies of the Notice to the Judgment Debtor (Doc. No. 5-4) and the Request for Hearing (Doc. No. 5-5) to Judgment Debtor Eli Gunzburg, no less than seven days prior to the date on which the garnishment hearing was to be scheduled.  The Instructions further provided that Gunzburg "must be served by regular or ordinary mail, and can be reached at his residence at 25262 Margot Court, Beachwood, Ohio 44122." (Doc. No. 5-3.)  Judgment Creditors further indicated that they had sent pre-addressed stamped envelopes via overnight mail to the Court concurrently with the filing of the Instructions.  (*Id*.)

On July 25, 2024, the undersigned referred the instant action to Magistrate Judge Greenberg for general processing of the Requests for Writs of Non-Wage Garnishment, as well as any additional Requests or Applications for garnishment that may be filed, and the setting of a hearing, if necessary. (Doc. No. 13.)

On August 1, 2024, Magistrate Judge Greenberg issued Orders and Notices of Garnishment for all nine (9) third party garnishees, including Charles Schwab.  In relevant part, the Order and Notice of Garnishment sent to garnishee Charles Schwab provided as follows:

> The judgment creditors in the above case have filed an affidavit, satisfactory to the undersigned, in this Court stating that you may have money, property, or credits, other than personal earnings, in your hands or under your control that belong to the judgment debtor, Eli Gunzburg.
>
> You are therefore ordered to complete the "ANSWER OF GARNISHEE" in section (B) of this form. Return one completed and signed copy of this form to the clerk of this court together with the amount determined in accordance with the "ANSWER OF GARNISHEE" by the following date on which **a hearing is tentatively scheduled relative to this order of garnishment: August 15, 2024**. Deliver one completed and

3

signed copy of this form to the judgment debtor prior to that date. Keep the other
completed and signed copy of this form for your files.

(Doc. No. 16) (emphasis added).[1]  Magistrate Judge Greenberg also issued a Notice to the Judgment

Debtor that provided (in relevant part), as follows:

> You are hereby notified that this court has issued an order in the above case in favor
> of [Judgment Creditors], directing that some of your money in excess of four hundred
> dollars, property, or credits, other than personal earnings, that now may be in the
> possession of Charles Schwab & Co., Inc., c/o CT Corporation System, 4400 Easton
> Commons Way, Suite 125, Columbus, Ohio 43219, the garnishee in this proceeding,
> be used to satisfy your debt to the judgment creditors. This order was issued on the
> basis of the judgment creditors' judgment against you that was obtained in United
> States District Court for the District of Kentucky in 3:21-cv-00063-RGJ-RSE on May
> 1, 2024, and registered in this court on July 10, 2024.***
>
> If you dispute the judgment creditors' rights to garnish your property and believe that
> the judgment creditors should not be given your money, property, or credits, other
> than personal earnings, now in the possession of the garnishee because they are exempt
> or if you feel that this order is improper for any other reason, **you may request a
> hearing before this court by disputing the claim in the request for hearing form,
> appearing below, or in a substantially similar form, and delivering the request
> for hearing to this court at the address below, at the office of the clerk of this
> court no later than the end of the fifth business day after you receive this notice**.
> ***
>
> **<u>If you request a hearing by delivering your request for hearing no later than the
> end of the fifth business day after you receive this notice, it will be conducted in
> the Carl B. Stokes U.S. Court House, Room 10B, 801 West Superior Avenue,
> Cleveland, Ohio 44113, at 11:00 a.m. on August 15, 2024</u>**. You may request the
> court to conduct the hearing before this date by indicating your request in the space
> provided on the form; the court then will send you notice of any change in the date,
> time, or place of the hearing. **If you do not request a hearing by delivering your
> request for a hearing no later than the end of the fifth business day after you
> receive this notice, some of your money, property, or credits, other than personal
> earnings, will be paid to the judgment creditors.**

---

[1] In addition, Judgment Creditors state that they sent copies of Magistrate Judge Greenberg's Orders and Notices of
Garnishment as to all nine garnishees (including Charles Schwab) via certified mail to both Gunzburg and the attorney
who represented him in the Kentucky action.  (Doc. No. 62 at PageID# 466.)  Notice of the certified mail copies to
Gunzburg were left at his residence (25262 Margot Court, Beachwood, Ohio) on August 7, 2024, but were never claimed.
(*Id.*)  The certified mail copies sent to Gunzburg's counsel in the Kentucky action were delivered on August 14, 2024.
(*Id.*)  *See also* Affidavit of Amy Hoagland (Doc. No. 62-1) at ¶¶ 2, 3.

4

(Doc. No. 17) (emphasis added).

The docket reflects that, on that same date (i.e., on August 1, 2024), the Clerk of Court mailed, via regular mail, copies of the Notice to Judgment Debtor (Doc. No. 5-4) and the Request for Hearing Form (Doc. No. 5-5) to Gunzburg at 25262 Margot Court, Beachwood, Ohio.  *See* Non-Doc Order dated Aug. 1, 2024.[2]  Among other things, the Request for Hearing form that was mailed to Gunzburg regarding the Charles Schwab hearing provides (in all capital letters) as follows:

> WARNING: IF YOU DO NOT DELIVER THIS REQUEST FOR HEARING OR A REQUEST IN A SUBSTANTIALLY SIMILAR FORM TO THE OFFICE OF THE CLERK OF THIS COURT WITHIN FIVE (5) BUSINESS DAYS OF YOUR RECEIPT OF IT, YOU WAIVE YOUR RIGHT TO A HEARING AND SOME OF YOUR MONEY, PROPERTY, OR CREDITS, OTHER THAN PERSONAL EARNINGS, NOW IN THE POSSESSION OF CHARLES SCHWAB & CO., INC. WILL BE PAID TO [THE JUDGMENT CREDITORS] TO SATISFY SOME OF YOUR DEBT TO JUDGMENT CREDITORS.

(Doc. No. 5-5 at PageID# 117.)  The docket reflects that neither the Notice to Judgment Debtor nor the Request for Hearing form that were mailed to Gunzburg were returned as undeliverable.[3]

---

[2] In his Objections, Gunzburg claims that Magistrate Judge Greenberg failed to set a hearing, and that the Clerk of Court failed to send him notice of any hearing, relating to the Notice and Order of Garnishment sent to Charles Schwab. However, as set forth above, the docket clearly reflects that Magistrate Judge Greenberg set a hearing date of August 15, 2024 relating to Notice and Order of Garnishment to Charles Schwab.  In addition, the docket clearly reflects that the Notice to Judgment Debtor and the Request for Hearing form relating to Charles Schwab (both of which contain the August 15, 2024 hearing date) were mailed to Gunzburg on August 1, 2024.  Specifically, the docket contains an entry dated August 1, 2024 (directly below Doc. No. 17) that provides as follows: "Three copies of [Doc. No.] 16 order and [Doc. No.] 17 notice of garnishment of property other than personal earnings and answer of garnishee form, together with $1.00 from Fultz Maddox Dickens PLC were mailed by certified mail (return receipt # 7004 0550 0001 1204 4126) to Charles Schwab & Co., Inc., c/o CT Corporation System, 4400 Easton Commons Way Suite 125, Columbus, OH 43219; in addition, a copy of the order and notice was mailed to Charles Schwab & Co., Inc. by regular mail on 8/1/24. **Copy of notice by clerk and request for hearing mailed by regular mail to Eli M. Gunzburg, 25262 Margot Court, Beachwood, OH 44122."** (Docket Entry dated Aug. 1, 2024) (emphasis added).

[3] The Court notes that, also on August 1, 2024, the Clerk sent Notices to Judgment Debtor and Requests for Hearing forms to Gunzburg via regular mail at his Margot Court, Beachwood, Ohio address, with respect to the Orders and Notices of Garnishment sent to the other eight (8) garnishees.  *See* Doc. Nos. 14, 15, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31; Non-Doc Orders dated Aug. 1, 2024.  None of these mailings to Gunzburg were returned as undeliverable.

On August 12, 2024, the Court received a formal response from Charles Schwab which identified the following accounts held by Gunzburg:

> 1. Schwab account no. XXXX-5062 is an Individual Account in the name of Eli M Gunzburg and contains $352.32 in cash.

> 2. Schwab account no. XXXX-7108 is a Simplified Employee Plan Individual Retirement Account in the name of Eli M Gunzburg and contains $3,648.77 in cash. This account has been restricted up to the amount of the judgment minus $400.00 due to an automatic State exemption.

> 3. Schwab maintains a Roth Contributory Individual Retirement Account in the name Eli M Gunzburg. This account is believed to be exempt from the Order and Notice of Garnishment, and therefore, has NOT been restricted.

(Doc. No. 32.)  Charles Schwab indicated that the accounts ending in 5062 and 7108 "have been and will remain restricted up to the amount of the judgment until we receive further instructions from the court…."  (*Id*.)

The docket reflects that Gunzburg did not request a hearing with respect to any of the Orders and Notices of Garnishment sent to the nine garnishees, including the Order and Notice of Garnishment sent to Charles Schwab. Thus, on August 15, 2024, Magistrate Judge Greenberg cancelled the hearing that had been set for that date.  *See* Non-Doc Order dated Aug. 15, 2024.

One of the other eight garnishees, MML Investor Services, LLC (hereinafter "MML"), filed an Answer of Garnishee in which it advised that MML did not have any accounts for Gunzburg. (Doc. No. 41.)  However, in a letter to counsel for Judgment Creditors dated August 8, 2024, MML advised that "you may be able to find additional information from Massachusetts Mutual Life Insurance Company."  (*Id*. at PageID# 347.)  Gunzburg was copied on MML's letter.  (*Id*.)

6

Thereafter, on August 21, 2024, Judgment Creditors filed a Request for Writ of Non-Wage Garnishment pursuant to Ohio Revised Code §§ 2716.11 and 2716.13 to Massachusetts Mutual Life Insurance Company (hereinafter "Mass Mutual").  (Doc. No. 42.)  In accordance with Ohio Rev. Code § 2716.13, Judgment Creditors' Request included the following: (1) Affidavit in Support of Request for Writ (Doc. No. 42-1); (2) Order and Notice of Garnishment of Property other than Personal Earnings and Answer of Garnishee (Doc. No. 42-2); (3) Instructions to the Clerk to Issue to the Judgment Debtor a Notice and Request for Hearing Form (Doc. No. 42-3); (4) Notice to the Judgment Debtor (Doc. No. 42-4); (5) Request for Hearing form (Doc. No. 42-5); and (6) Order to Pay Garnished Funds to Judgment Creditors (Doc. No. 42-6).

On August 27, 2024, Magistrate Judge Greenberg issued the (1) Order and Notice of Garnishment to Mass Mutual (Doc. No. 43); and (2) the corresponding Notice of Garnishment to Judgment Debtor Gunzburg (Doc. No. 44).  The Order and Notice of Garnishment to Mass Mutual and the Notice of Garnishment to Judgment Debtor Gunzburg each included a hearing date of September 18, 2024.  In all other respects, the Order and Notices were identical to the Orders and Notices previously issued regarding the Request for Writ of Garnishment as to Charles Schwab. (Doc. Nos. 43, 44.)  The docket reflects that the Clerk sent a copy of the Notice of Garnishment to Judgment Debtor (Doc. No. 44) and Request for Hearing form (Doc. No. 42-5) to Gunzburg via regular mail at 25262 Margot Court, Beachwood, Ohio.  *See* Non-Doc Order dated Aug. 27, 2024. Like the previous Request for Hearing forms, the Request for Hearing form sent to Gunzburg on August 27, 2024 expressly advised Gunzburg that failure to request a hearing within five (5) business days of receipt would result in a waiver of his right to a hearing and payment of some of his money, property, or credits now in the possession of Mass Mutual to Judgment Creditors.  (Doc. No. 42-5.)

7

The docket reflects that the Notice to Judgment Debtor and the Request for Hearing form that were mailed to Gunzburg on August 27, 2024 were not returned as undeliverable. The docket also reflects that Gunzburg did not request a hearing. Therefore, on September 18, 2024, Magistrate Judge Greenberg cancelled the hearing that had been set for that date. *See* Non-Doc Order dated Sept. 18, 2024.

On September 23, 2024, Mass Mutual filed an Answer of Garnishee, in which it represented that Gunzburg had a "Whole Life Insurance Policy" with a "net cash value as of 9/11/24 of $111,382.17." (Doc. No. 45.) Mass Mutual also sent a letter enclosing a copy of its Answer to Gunzburg via UPS to his Margot Court, Beachwood, Ohio address. (Doc. No. 62-1 at PageID# 468.) The tracking information for this mailing indicates that it was delivered to Gunzburg on September 17, 2024 (i.e., one day before the scheduled hearing date of September 18, 2024.) (*Id*.) *See also* Hoagland Aff. (Doc. No. 62-1) at ¶ 4; Doc. No. 62-1 at PageID#s 491-502.

On December 4, 2024, Magistrate Judge Greenberg issued an Order regarding garnishee Charles Schwab (hereinafter "Charles Schwab Order"), which reads (in its entirety) as follows:

> On August 12, 2024, Charles Schwab & Co., Inc. informed the Court that (1) Schwab Account XXXX-5062 is an individual account that contained $352.32 in cash; (2) Schwab Account XXXX-7108 is a Simplified Employee Plan Individual Retirement Account and contains $3,648.77 in cash, which was restricted up to the amount of judgment minus $400 due to an automatic State exemption; and (3) Schwab maintains a Roth Contributory Individual Retirement Account that Schwab believes is exempt from the Order and Notice of Garnishment. (Doc. No. 32.) Despite indicating these accounts contained cash, Schwab stated the "money, property, or credits are of such a nature that that they cannot be delivered to the clerk of court." (*Id*. at 2.)
>
> The Court orders Schwab to pay the amount over $400, other than personal earnings, of the judgment debtor under Schwab's control and in the Schwab's possession, to the Clerk of Court no later than December 16, 2024.

8

(Doc. No. 56.)  On that same date, Magistrate Judge Greenberg issued an Order regarding garnishee Mass Mutual (hereinafter "Mass Mutual Order"), which reads (in its entirety):

> On September 23, 2024, Massachusetts Mutual Life Insurance Company responded that it held a Whole Life Insurance Policy on behalf of the judgment debtor that had a Net Cash Value as of September 11, 2024, of $111,382.17. (Doc. No. 45.) Massachusetts Mutual Life Insurance Company stated the "money, property, or credits are of such a nature that that they cannot be delivered to the clerk of court." (*Id*. at 2.)
>
> The Court orders Massachusetts Mutual Life Insurance Company to pay the amount of the Net Cash Value of the Whole Life Insurance Policy over $400 of the judgment debtor under Massachusetts Mutual Life Insurance Company's control and in its possession, to the Clerk of Court no later than December 16, 2024.

(Doc. No. 57.)  The docket reflects that copies of both Orders were mailed to Gunzburg via regular mail at his 25262 Margot Court, Beachwood, Ohio address.  *See* Non-Doc. Orders dated Dec. 4, 2024. Neither the Charles Schwab Order nor the Mass Mutual Order were returned as undeliverable.

On December 12, 2024, the Clerk's Office received deposits from Charles Schwab in the amounts of $352.32 (account no. 5062) and $3,252.76 (account No. 7108).  *See* Docket Entries dated Dec. 12, 2024.  Shortly thereafter, the Clerk's Office received a deposit from Mass Mutual in the amount of $106,140.53.  *See* Docket Entry dated Dec. 20, 2024.

On December 17, 2024, counsel entered an appearance on behalf of Gunzburg.  (Doc. No. 59.)  Two days later, on December 19, 2024, Gunzburg (though his attorney) filed Objections to Magistrate Judge Greenberg's Charles Schwab and Mass Mutual Orders.  (Doc. No. 61.)  Judgment Creditors filed a Response in Opposition on January 2, 2025, to which Gunzburg replied on January 9, 2025.  (Doc. Nos. 62, 65.)

## II.     Standard of Review on Objections

When a petitioner objects to a magistrate judge's resolution of a dispositive matter, the district court reviews those objections *de novo*.  Fed. R. Civ. P. 72(b)(3). Specifically, a district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, 2006 WL 903199 at * 7 (N.D. Ohio April 7, 2006) (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

However, when a district judge reviews a magistrate judge's resolution of a non-dispositive matter, it is not a *de novo* review. *See, e.g., Bisig v. Time Warner Cable, Inc*., 940 F.3d 205, 219 (6th Cir. 2019); *Draughn v. Bouchard*, 2017 WL 3048667 at * 1 (E.D. Mich. July 19, 2017). Rather, the Magistrate Judge's decision is subject to review under Rule 72(a) and reversal when it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See Bisig*, 940 F.3d at 219; *Alvarado v. Warden, Ohio State Penitentiary,* 2018 WL 5783676 at * 1 (N.D. Ohio Nov. 5, 2018).

The clearly erroneous standard applies to factual findings, while legal conclusions are reviewed under the contrary to law standard. *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co*., 621 F.Supp.2d 603, 605 (W.D. Tenn. 2009). As the Sixth Circuit has explained, "'[a] [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Bisig*, 940 F.3d at 219 (quoting *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395 (1948)). "An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id*. (quoting *United States v. Winsper*, 2013 WL 5673617 at *1 (W.D. Ky. Oct. 17, 2013)).

10

### III.    Analysis

In his Objections, Gunzburg argues that "all accounts" held by Charles Schwab and Mass Mutual are exempt from garnishment under Ohio law.  (Doc. No. 61.)  Specifically, Gunzburg maintains that his life insurance policy with Mass Mutual is exempt pursuant to Ohio Rev. Code §§ 2329.66(A)(6)(b) and 3911.10.  (*Id*.)  He asserts that his Charles Schwab retirement account nos. 5062 and 7108 are qualifying individual retirement accounts that provide benefits in the event of advanced age and disability and are, therefore, exempt from garnishment under Ohio Rev. Code § 2329.66(A)(10)(c).  (*Id*.)  In addition, Gunzburg attaches an Affidavit in support of his Objections, in which he avers that (1) he "did not receive a copy of the Notice to the Judgment Debtor that was filed on August 27, 2024;" (2) "[t]he various retirement accounts at Schwab were established by me as individual accounts" under which benefits are payable "upon advanced age or disability;" and (3) "[t]he life insurance policy with Mass Mutual is also an individual, not a joint policy."  (Doc. No. 61-1.)  Gunzburg asks the Court to enter an order finding that the funds held by Charles Schwab and Mass Mutual are exempt and directing the Clerk of Court to return the funds to Charles Schwab and Mass Mutual for deposit to the accounts from which they were removed.  (Doc. No. 61.)

In response, Judgment Creditors argue that Gunzburg waived the arguments set forth in his Objection because he failed to timely request a hearing with respect to either the Charles Schwab or Mass Mutual Notices and Orders of Garnishment.  (Doc. No. 62.)  Judgment Creditors assert that the docket reflects that the appropriate Notices to Judgment Debtor and Request for Hearing forms were mailed to Gunzburg at his home mailing address and were not returned to the Court as undeliverable. (*Id*.)  Judgment Creditors argue that "Gunzburg's self-serving statement that he did not receive the Court's mailing is insufficient to overcome the presumption that Court mailings not returned to the

11

Court were received." (*Id.* at PageID# 464.) They further note that "other evidence reflects that Gunzburg was not diligently reviewing mail sent to him, including multiple instances in which he failed to pick up certified mailings after notice of the certified mail was left at his home," which "casts extreme doubt on his new claim that he did not receive a Court mailing which the docket reflects was not returned to the Court." (*Id.*) Thus, Judgment Creditors argue that Gunzburg waived his right to object to the garnishment of the Charles Schwab and Mass Mutual assets.

Judgment Creditors assert that, even assuming that Gunzburg has not waived his right to object, his arguments fail on the merits because "he does not offer facts sufficient to meet his burden as to either garnishment he contests." (*Id.*) Regarding the Charles Schwab accounts, Judgment Creditors assert that Ohio law does not provide a "blanket exemption for all funds in individual retirement accounts," noting that there are exceptions for such assets that were deposited for the purpose of evading debt. (*Id.* at PageID# 475.) In addition, Judgment Creditors argue that the preemption clause in Section 1144(a) of ERISA preempts Ohio Rev. Code § 2329.66(A)(10)(c) to the extent that statute is applied to individual retirement accounts as defined in Section 408 of the Internal Revenue Code. (*Id.* at PageID# 476.) Judgement Creditors argue that because "Gunzburg gives no information concerning the individual retirement accounts to show that they are not 408 individual retirement accounts," he has not met his burden of showing that the Charles Schwab accounts are exempt. (*Id.*)

Regarding the Mass Mutual life insurance policy, Judgment Creditors argue that Ohio Rev. Code § 3911.10 "does not simply exempt all" life insurance policies. (*Id.*) Rather, Judgment Creditors argue that that statute "provides (a) they are exempt only if they have been taken out for the benefit of (or made payable to) certain persons, trusts, or entities, and (b) 'the amount of any

12

premium' on such policy 'paid in fraud of creditors, with interest thereon, shall inure' to the benefit of the creditors." (*Id.*)  Judgment Creditors assert that "Gunzburg offers no details whatsoever to show that the life insurance policy is, in fact, exempt and not subject to garnishment under the specifics of Ohio law." (*Id.*)

In his Reply Brief, Gunzburg argues that he has not waived his objections relating to garnishment of the Mass Mutual life insurance policy because, under Ohio law, a defendant may establish lack of service by submitting a sworn statement that the pleading was never received.  (Doc. No. 65.)  Gunzburg states that he has done so here, and notes that "no witnesses have presented testimony that contradicts [his] Affidavit." (*Id.*)  Regarding the garnishment of the Charles Schwab retirement accounts, Gunzburg insists (incorrectly, as set forth *supra*) that "the Court never scheduled a hearing" and "a review of the docket confirms that no mailing was sent to him." (*Id.* at PageID# 519.)  Gunzburg also asserts that, even assuming he had received sufficient notice, the information contained in Charles Schwab's Answer is sufficient to prove that the accounts listed therein are exempt.  (*Id.* at PageID#s 519-520.)  Lastly, as to the Mass Mutual life insurance policy, Gunzburg attaches a description of the policy that he claims to have received from Mass Mutual (Doc. No. 65-1), which he asserts proves beyond any doubt that the policy at issue is exempt.  (*Id.*)

Since the Charles Schwab and Mass Mutual Orders are arguably dispositive of the garnishment of the assets described therein, this Court will conduct a *de novo* review of those Orders to evaluate Gunzburg's Objections.  The Court begins with a brief overview of the law regarding non-wage garnishment.[4]  "Garnishment is an action in law by which a creditor seeks satisfaction of the

---

[4] Gunzburg filed his Objections pursuant to Fed. R. Civ. P. 64. That Rule provides, in relevant part, that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  Fed. R. Civ. P. 64(a).

indebtedness out of an obligation due the debtor from a third person, the garnishee." *In re Estate of Mason*, 849 N.E.2d 998 (Ohio 2006) (internal citations omitted). *See also TBF Financial, LLC v. Wilkerson*, 142 N.E.3d 204, 208 (Ohio App. 10th Dist. 2019). "Garnishments are purely statutory proceedings, and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes." *Doss v. Thomas*, 919 N.E.2d 219, 222 (Ohio App. 10th Dist. 2009). *See also TBF Financial, LLC*, 142 N.E.3d at 208.

Garnishment of "property, other than personal earnings" (or "non-wage garnishment") is governed by Ohio Rev. Code §§ 2716.11 - 2716.13 and 2716.21. After a judgment has been obtained against another person, the judgment creditor may commence a non-wage garnishment proceeding. *See* Ohio Rev. Code §§ 2716.01(B), 2716.11; *TBF Financial, LLC*, 142 N.E.3d at 208. Pursuant to § 2716.13(B), after the trial court sets a hearing date, the clerk of court issues an order of garnishment and a notice to answer to the garnishee. *See TBF Financial, LLC*, 142 N.E.3d at 208. The clerk also issues copies of a statutory notice and a request for a hearing form to the judgment debtor by ordinary or regular mail service unless the judgment creditor requests that service be made in accordance with the Rules of Civil Procedure. *See* Ohio Rev. Code §§ 2716.13(C), (D). The statutory notice to the judgment debtor must contain certain language notifying the judgment debtor of his right to request a hearing. *See* Ohio Rev. Code § 2716.13(C)(1).

The judgment debtor may object to the attachment of the property and request a hearing. *See* Ohio Rev. Code § 2716.13(C). The judgment creditor (or garnishor) has the initial burden to prove that the property being garnished is the property of the judgment debtor. *See E. Liverpool v. Buckeye*

---

Under Rule 64(b), one of the remedies available under Rule 64 is garnishment. Fed. R. Civ. P. 64(b). Here, the parties agree that Ohio garnishment law applies.

14

*Water District*, 972 N.E.2d 1090, 1100 (Ohio App. 7th Dist. 2012).  The judgment debtor may then attempt to defeat the garnishment order by establishing an exemption or other defense to garnishment. *Id*. "'The burden of proof on the existence or applicability of an exemption or defense *rests with the judgment debtor*.'"  *Id*. (quoting *Ashtabula Cty. Med. Ctr. v. Douglass*, 1988 WL 59836 at *2 (Ohio App. 11th Dist. June 3, 1988)) (emphasis in original).  *See also Jarvis v. Pompos*, 240 N.E.3d 893, 900 (Ohio App. 7th Dist. 2024) (same).

Importantly, "[t]he hearing is limited to the consideration of the amount of property of the judgment-debtor in the hands of the garnishee that can be used to satisfy all or part of the debt owed by the judgment-debtor to the judgment-creditor."  *E. Liverpool,* 972 N.E.2d at 1100 (quoting *Marinik v. The Cascade Group*, 724 N.E.2d 877 (Cleve.M.C.1999)).  "The judgment debtor may not use garnishment proceedings to relitigate the underlying debt." *Weigand v. Fabrizi Trucking & Paving Co*., 2019 WL 2721718 at * 2 (Ohio App. 9th Dist. June 28, 2019) (quoting *E. Liverpool*, 972 N.E.2d at 1100).

If the judgment debtor fails to request a hearing by a specified time, the trial court issues an order to the garnishee to pay all or some of the non-wage property to the judgment creditor if that amount has not already been paid to the court.  *See* Ohio Rev. Code §§  2716.13(C)(1) and (5).  If the judgment debtor fails to properly request a hearing within the prescribed time, the trial court may grant a continuance of the scheduled hearing if the judgment debtor, prior to the time at which the hearing was scheduled, "establishes a reasonable justification for failure to request the hearing within the prescribed time." Ohio Rev. Code §§ 2716.13(C)(2) and (3).

With the above principles in mind, the Court begins by addressing the issue of waiver.  As discussed above, Judgment Creditors argue that Gunzburg waived his right to challenge the Charles

15

Schwab and Mass Mutual Orders because the Clerk of Court properly served Gunzburg with Notices of Garnishment and Request for Hearing forms with respect to both of these garnishees by mailing them to Gunzburg's residential address. Judgment Creditors assert that, because the docket does not reflect that these mailings were returned undeliverable, there is a "presumption of receipt" which cannot be overcome by Gunzburg's "self-serving affidavit" to the contrary. Gunzburg argues that he did not waive his right to object to these Orders because he did not receive the Notices and/or Request for Hearing forms with respect to either Charles Schwab or Mass Mutual. He asserts that his affidavit is sufficient, standing alone, to overcome the presumption of receipt.

In their briefing, both parties cite Ohio cases regarding service of process under Ohio Civ. R. 4.6.[5] Under this authority, a rebuttable presumption of proper service arises where "a plaintiff follows the civil rules governing service of process." *Shannon Village Homeowners Ass'n v. Miller*, 214 N.E.3d 48, 53 (Ohio App. 10th Dist. 2023) (quoting *Erin Capital Mgt. L.L.C. v. Fournier*, 2012 WL 760711 at * 3 (Ohio App. 10th Dist. March 8, 2012)). *See also West Bend Mutual Ins. Co. v. Osmic*, 2023 WL 6258796 at * 7 (N.D. Ohio Sept. 26, 2023). A defendant, however, "can rebut this presumption of proper service using sufficient evidence that service failed." *Shannon Village Homeowners Ass'n*, 214 N.E.3d at 53. "'In order to rebut the presumption of proper service, [a defendant] must produce evidentiary-quality information demonstrating that he or she did not receive service.'" *In re K.J.*, 2023 WL 2325558 at * 3 (quoting *Hook v. Collins*, 2017 WL 1034605 at * 2

---

[5] Ohio Rule of Civil Procedure 4.1(A) permits service by certified or express mail or by a commercial carrier service. If certified or express mail is returned as "unclaimed," Ohio R. Civ. P. 4.6(D) provides that the serving party can request ordinary mail service, and the clerk shall send the summons and complaint to the defendant by ordinary mail. *See* Ohio R. Civ. P. 4.6(D). Ohio R. Civ. P. 4.6(D) provides that "[s]ervice shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Ohio Civ. R. 4.6(D).

16

(Ohio App. 8th Dist. March 9, 2017)).  As Gunzburg correctly notes, some Ohio courts have held that, when a defendant comes forward with an uncontradicted sworn statement that he never received service, that defendant is entitled to have the judgment against him vacated "even if the plaintiff complied with [Ohio Civil Rule 4.6] and had service made at an address where it could reasonably be anticipated that the defendant would receive it." *Rafalski v. Oates*, 477 N.E.2d 1212, 1215 (Ohio App. 8th Dist. 1984).[6]

The Court notes, however, that the case law summarized above does not specifically consider service of the notices required under Ohio's garnishment statutes.  Based on its own research, the Court notes that several Ohio courts have examined the issue of sufficiency of service of notice under Ohio Rev. Code § 2716.13, and directed courts to consider the issue of prejudice to the judgment debtor in evaluating whether to set aside a garnishment order.

For example, in *City of Columbus v. Capital Data Systems*, 930 N.E.2d 828 (Ohio App. 10th Dist. 2010), the trial court awarded the City of Columbus a judgment against Robin Jones and her former corporation, Capital Data Systems, Inc.  *Id*. at 829.  Thereafter, the court ordered a series of garnishments against Jones's personal bank account.  *Id*.  The garnishments occurred in September and October 2008, after which Jones filed a motion to compel the return of the garnished money.  *Id*. Jones claimed that she had not received notice of the garnishment orders and that $7,800 of the garnished money was not her property. *Id*. Specifically, she contended that Honda of America

---

[6] Although not cited by either Gunzburg or the Judgment Creditors, the Court notes that other Ohio appellate courts have rejected this approach and "advanced a more equitable procedure." *Tax Ease Ohio LLC v. Richard,* 150 N.E.3d 378, 380 (Ohio App. 11th Dist. 2019) (collecting cases).  "In these cases, the courts concluded that an unchallenged, self-serving affidavit may not be sufficient to render a judgment *void ab initio*." *Id*. "Instead, a court must hold an evidentiary hearing and assess the competency and credibility of the evidence." *Id*. "After doing so, a court may find the movant's assertion that he or she did not receive proper service untenable and overrule the motion." *Id*.

Manufacturing, Inc. ("Honda") donated this money for her nonprofit organization, NBBJ Training Academy, Inc. ("NBBJ"), and that the money was inadvertently deposited into her personal account rather than NBBJ's account. *Id*.

The court referred the matter to a magistrate.  After conducting a hearing, the magistrate denied Jones's motion.  The magistrate concluded that the lack of notice of the garnishment orders did not prejudice Jones because she ultimately received a hearing to address her disputes. *Id*.  The magistrate further concluded that the $7,800 that Jones claimed belonged to NBBJ was subject to garnishment because it was "held for" her benefit and that "there is no distinction between what constitutes her property and the property of NBBJ" because she admitted that she used NBBJ's funds for personal expenses. *Id*.  Jones objected to these conclusions, but the trial court overruled the objections and adopted the magistrate's decision. *Id*.

On appeal, Jones first argued that the "trial judge erred as matter of law when finding a show of prejudice is required to establish[] a violation of due process." *Id*.  The state appellate court rejected this argument, as follows:

> [Jones] first argues that the trial court erred as a matter of law by requiring a showing of prejudice from her lack of notice of the garnishment orders, pursuant to R.C. 2716.13(C), which mandates the notice in order for the debtor to have an opportunity to request a hearing. To be sure, the record does not establish that [Jones] was sent notice before the September and October 2008 garnishments, but the trial court concluded that she was not prejudiced from the notice violation because she received a hearing to address her garnishment disputes. In *Smith v. Dodman* (Aug. 12, 1994), 2d Dist. No. 14483, 1994 WL 450091, the court required a showing of prejudice from an R.C. 2716.13(C) notice violation in order for the violation to preclude a garnishment. We agree with this conclusion, given that under Civ. R. 61, courts disregard defects in proceedings that constitute harmless error.

*Id.* at 830.  The state appellate court then rejected Jones' argument that the trial court erred in adopting the magistrate's conclusion that the Honda check to NBBJ was subject to garnishment because it was

18

"held for" her benefit, and concluded that the trial court properly denied Jones' motion to compel the return of that money.  *Id.*

More recently, the state appellate court reached a similar conclusion in *TBF Financial, LLC v. Wilkerson*, 142 N.E.3d 204 (Ohio App. 10th Dist. 2019).  In that case, TBF Financial LLC ("TBF") was granted judgment against Angela Wilkerson in the amount of $2,722.66.  *Id.* at 205.  On May 10, 2018, TBF filed a non-wage garnishment of Wilkerson's Fifth Third Bank ("Fifth Third") checking account.  *Id.*  The trial court set a hearing date for May 31, 2018, and the clerk of courts was instructed to make certified mail service of an "Order and Notice of Garnishment of Property Other Than Personal Earnings" to Fifth Third and a "Notice to the Judgment Debtor of Garnishment" to Wilkerson at her Grovedale Court address.  *Id*.  The docket reflects the clerk issued service of the notice to Wilkerson on May 14, 2018.  *Id.*  Fifth Third answered the order and notice of garnishment, indicating it held $2,722.66 of Wilkerson's money and then deposited $2,722.66 with the court.  *Id*.

On June 1, 2018, Wilkerson filed a change of address form stating 5890 Aqua Bay Drive in Columbus as her address.  *Id*.  On July 3, 2018, Wilkerson, acting *pro se*, filed a motion requesting a hearing on the case.  *Id*.  In her motion, Wilkerson alleged that she did not receive the notice of garnishment due to "bad delivery service" and stated she had no knowledge of TBF and had never done business with TBF.  *Id*. at 205-206.  Wilkerson attached to her motion a bank statement from Fifth Third listing the Aqua Bay Drive address.  *Id*. at 206.  She also filed a separate "motion to be heard."  *Id*.

Both parties then filed motions for an order to distribute the funds.  *Id*.  Wilkerson argued that she never received notice of previous court proceedings and the lack of notice "disallowed [her] to properly defend [her]self against this debt allegation brought forth before this Court" and asserted

19

she should be "allow[ed] to properly negate this matter with [TBF] that/whom [she] ha[s] no prior knowledge of until [her] funds were released by [her] bank." *Id*. The trial court scheduled a hearing before a magistrate on the parties' motions to distribute funds for August 16, 2018. *Id*.

The magistrate conducted the hearing as scheduled. The following day, the magistrate issued a decision granting Wilkerson's motion for an order to distribute the held funds and denying TBF's motion. *Id*. The magistrate concluded that there was evidence that Wilkerson was served with the proper notice contained within Ohio Rev. Code. § 2716.13, and that that mailing created a presumption that there was good service. *Id*. The magistrate noted, however, that Wilkerson had claimed that the address used for her was not valid at that time, and that she expressly testified that she did not receive the Notice. *Id*. Relying on *Doss v. Thomas*, 919 N.E.2d 219 (Ohio App. 10th Dist. 2009), the magistrate concluded that the statute associated with garnishments must be "strictly followed and construed." *Id*. The magistrate then concluded that "the notice required to be given to [Wilkerson] was not served," and, therefore, Wilkerson did not receive the statutorily required notice as mandated by statute. *Id*. Because TBF "failed to meet the strict requirement of the statute," the magistrate found the money at issue could not be released to TBF and, instead, ordered the clerk to release the money deposited with the court to Wilkerson. *Id*.

TBF objected. The trial court overruled the objections, agreeing with the magistrate that "actual notice [to Wilkerson] was required" under the garnishment statute and *Doss*, and that Wilkerson's testimony showed that she had not received notice of the garnishment. *Id*. In addition, the trial court rejected TBF's argument that, regardless of notice, Wilkerson was provided a garnishment hearing during which she failed to present any evidence that the funds garnished were statutorily exempt or otherwise not subject to garnishment. *Id*. TBF appealed, arguing that the trial

20

court erred in (1) finding that TBF had failed to meet the requirements of § 2716.13 to obtain an order releasing to it the Third Federal funds; and (2) "failing to release to [TBF] the funds on deposit with the Clerk of Courts after a garnishment hearing was held with [Wilkerson] in attendance and the court concluded that [Wilkerson] had stated no reason why the subject garnishment was improper." *Id*. at 208.

The state appellate court reversed the trial court's judgment on the basis of TBF's second assignment of error. In relevant part, the court explained as follows:

> In its second assignment of error, [TBF] argues the issue of service is moot since [Wilkerson] received a hearing and presented no reason why the garnishment was improper, and, therefore, the trial court erred in failing to release the money to [TBF]. We agree.
>
> ***
>
> Here, like in *Capital Data Sys*., the judgment debtor alleged she did not receive the order of non-wage garnishment, but she ultimately received a hearing to address her dispute of the garnishment. As established by the magistrate's unchallenged findings of fact, at the hearing [Wilkerson] "did not have any other fact that would preclude the money from being released to the Judgment Creditor other than the alleged service issue." (Mag.'s Decision at 3.) Because the purpose of notice under R.C. 2716.13(C) and (D) is to afford the judgment debtor the opportunity to request a hearing to dispute garnishment and in this case a hearing was ultimately provided to [Wilkerson], we find [Wilkerson] was not prejudiced by lack of notice on the specific facts of this case. *Doss*, cited by the trial court, does not change this result. *Doss* involved a garnishee's appeal of the trial court's motion for contempt;[7] it did not address the issue of whether

---

[7] In *Doss*, a judgment creditor sought to garnish money that the Franklin County Job and Family Services ("FCJFS") owed to the judgment debtors. *Doss*, 919 N.E.2d at 220. The trial court issued an Order and Notice of non-wage garnishment to FCJFS pursuant to § 2716.13 via certified mail on December 21, 2007. *Id*. When FCJFS failed to file an Answer of Garnishee, the judgment creditor filed a motion for contempt. *Id*. The trial court notified FCJFS that it would hold a show cause hearing on July 16, 2008. *Id*. FCJFS appeared at the hearing and argued that the funds sought were not subject to garnishment. *Id*. FCJFS further argued that service of the Order and Notice of Garnishment was ineffective for failure to comply with Ohio Civ. R. 4. *Id*. The trial court nonetheless granted the judgment creditor's motion for contempt and FCJFS appealed. *Id*. The state appellate court reversed, agreeing with FCJFS that Ohio Rev. Code Chapter 2716 does not authorize counties and their agencies (such as FCJFS) to be summoned as a garnishee in a non-wage garnishment action under that chapter. *Id*. at 224. The appellate court found that the trial court thus had no valid basis to issue its Order and Notice of Garnishment to FCJFS and, accordingly, no basis upon which it could hold FCJFS in contempt. *Id*.

21

lack of notice alleged by a judgment debtor who was ultimately granted a hearing serves as grounds to order release of funds to the debtor rather than the creditor. Moreover, *Capital Data Sys.*, which is essentially based on a determination that the judgment debtor was in fact afforded statutory protections, is consistent with the general proposition in *Doss* that "a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes." *Id.* at ¶ 11. Therefore, considering all the above and following *Capital Data Sys.*, we find the trial court erred in ordering the disputed funds released to [Wilkerson] instead of [TBF].

*Id*. at 209-210.

The Court acknowledges that the above cases do not directly address the issue of waiver where a judgment debtor fails to timely request a hearing but claims that he did not receive the required notice under § 2716.13.  However, the Court finds it noteworthy that, in both *Capital Data Systems* and *TBF Financial LLC*, the state trial courts conducted hearings on judgment creditors' non-wage garnishment applications, despite the fact that the judgment debtors had not timely requested a hearing.  The Court also finds it noteworthy that, in both cases, the state appellate courts focused on the potential prejudice to the judgment debtors and relied in large part on the fact that the judgment debtors were provided hearings in finding in that no prejudice occurred.  In light of the above, and for the reasons set forth in more detail below, the Court concludes that the proper course is to provide Gunzburg the opportunity for a hearing to introduce evidence and present argument that the Mass Mutual and Charles Schwab assets are exempt from garnishment.

Regarding the Mass Mutual life insurance policy, the docket reflects that the Clerk of Court sent copies of Notice to Judgment Debtor and Request for Hearing forms to Gunzburg on August 27, 2024 via regular mail to his residential address at 25262 Margot Court, Beachwood, Ohio.  Gunzburg does not dispute that this is, in fact, his residential address, and the docket reflects that this mailing was not returned as undeliverable.  Gunzburg does, however, submit a sworn statement that (1) he

did not receive a copy of the August 27, 2024 Notice to Judgment Debtor; and (2) if he had received the Notice, he would have "immediately contacted legal counsel and asked that a hearing be requested" because it is his understanding that the Mass Mutual life insurance policy is exempt from garnishment.  (Doc. No. 61-1.)  In addition, Gunzburg avers that the Mass Mutual policy is an individual (rather than a joint) policy (Doc. No. 61-1 at ¶ 5) and has submitted documentation allegedly demonstrating that it is an individual policy and that the beneficiary is his spouse, Leora Gunzburg (Doc. No. 65-1), which could potentially bring the policy within the scope of Ohio Rev. Code §§ 2329.66(A)(6)(b) and 3911.10.

Thus, Gunzburg has provided evidence both that he did not receive the Notice to Judgment Debtor relating to the Mass Mutual life insurance policy and that he has a potentially valid argument that this policy is exempt under Ohio law.  Based on the above, the Court requests that Magistrate Judge Greenberg schedule and conduct a hearing regarding the Order and Notice of Garnishment to Mass Mutual, during which the parties shall be provided the opportunity to introduce evidence and present argument regarding whether the Mass Mutual life insurance policy at issue is exempt from garnishment.

Whether Gunzburg should be granted a hearing regarding the Charles Schwab individual retirement accounts is a closer call.  As Judgment Creditors correctly note, Gunzburg does not expressly aver that he did not receive copies of the Notice to Judgment Debtor and Request for Hearing forms relating to the Charles Schwab assets.  Rather, Gunzburg incorrectly claims that Magistrate Judge Greenberg failed to set a hearing relating to the Notice and Order of Garnishment sent to Charles Schwab.  However, as set forth *supra*, the docket clearly reflects that (1) Magistrate Judge Greenberg set a hearing date of August 15, 2024 relating to Notice and Order of Garnishment

23

to Charles Schwab; (2) the Clerk of Court sent the Notice to Judgment Debtor and the Request for Hearing form relating to Charles Schwab (both of which contain the August 15, 2024 hearing date) to Gunzburg on August 1, 2024; and (3) this mailing was not returned as undeliverable.

Nonetheless, and in the exercise of caution, the Court finds that Gunzburg has come forward with sufficient evidence to warrant a hearing with respect to the garnishment of these assets. Although Gunzburg does not directly aver that he did not receive the August 1, 2024 Notice and Request for Hearing form relating to Charles Schwab, he does indirectly aver that he did not receive these documents. Specifically, Gunzburg avers that:

> I did not receive a copy of the Notice to the Judgement Debtor that was filed on August 27, 2024. **If I had received a copy, I would have immediately contacted legal counsel and asked that a hearing be requested, since it was (and remains) my understanding that the accounts/policies held with Charles Schwab & Co. ("Schwab")** and with Massachusetts Mutual Life Insurance Company ("Mass Mutual") **are exempt from garnishment and/or attachment by creditors.**

(Doc. No. 61-1 at ¶ 3) (emphasis added). As Gunzburg did not immediately contact legal counsel and request a hearing relating to the Charles Schwab assets, it can be reasonably inferred that he did not receive the Notice to Judgment Debtor and Request for Hearing form that was mailed to him on August 1, 2024. Lastly, Gunzburg avers that: "The various retirement accounts at Schwab were established by me as individual accounts. Benefits under these accounts are payable upon advanced age or disability," potentially bringing these accounts within the scope of the exemption set forth in Ohio Rev. Code § 2329.66(A)(10)(c). (*Id.* at ¶ 4.)

Thus, Gunzburg has provided at least some evidence that he did not receive the Notice to Judgment Debtor relating to the Charles Schwab accounts and that he has a potential argument that these assets may be exempt under Ohio Rev. Code § 2329.66(A)(10)(c). Based on the above, the Court requests that Magistrate Judge Greenberg schedule and conduct a hearing regarding the Order

24

and Notice of Garnishment to Charles Schwab, during which the parties shall be provided the opportunity to introduce evidence and present argument regarding whether the Charles Schwab assets at issue are exempt from garnishment.

Lastly, the Court notes that it recognizes and understands Judgment Creditors' frustration with Gunzburg's failure to timely request a hearing with respect to both the Mass Mutual and Charles Schwab assets. However, as discussed above, Ohio courts have largely taken a cautious and protective stance when it comes to ensuring that judgment debtors are provided sufficient notice and opportunity to be heard in the context of garnishment proceedings, including non-wage garnishment proceedings under Ohio Rev. Code § 2716.13. Out of an abundance of caution, the Court finds that Gunzburg should be provided that opportunity here, despite his failure to timely request a hearing.

Nonetheless, the Court cautions Gunzburg as follows. Now that it is clear that Gunzburg is aware of the instant garnishment proceedings, and counsel has entered an appearance on his behalf herein, the Court expects Gunzburg to stay apprised of all docket activity and mailings in this action, including any future Notices of Garnishment, Notices to Judgment Debtor, and/or Requests for Hearing forms. In order to substantiate any future claims that he has not received notice of hearings set by Magistrate Judge Greenberg in this action, Gunzburg will be required to present compelling proof under oath at an in-person hearing on the issue of sufficiency of notice.

## IV.    Conclusion

Accordingly, and for all the reasons set forth above, Gunzburg's Objections (Doc. No. 61) are GRANTED IN PART and DENIED IN PART as follows. The Court hereby denies Gunzburg's Objections to the extent that he requests that this Court (1) enter an Order finding that the assets held by Charles Schwab and Mass Mutual are exempt from garnishment; and (2) direct the Clerk of Court

to return the funds to Charles Schwab and Mass Mutual for deposit into the accounts from which they came.

The Court grants Gunzburg's Objections to the extent he seeks an opportunity to introduce documentary and/or testimonial evidence and present argument that the Charles Schwab retirement accounts and Mass Mutual life insurance policy at issue are exempt from garnishment under Ohio law.  Specifically, the Court requests that Magistrate Judge Greenberg schedule and conduct a hearing regarding the garnishment of these assets at a date and time that is convenient for him.  The Court further requests that, after the hearing, Magistrate Judge Greenberg prepare a Report & Recommendation regarding the issue of whether the Charles Schwab and Mass Mutual assets at issue are exempt from garnishment under Ohio law.  In the meantime, and until further notice, the Court directs that the Charles Schwab and Mass Mutual funds remain on deposit with the Clerk of Court.

**IT IS SO ORDERED.**

 s/Pamela A. Barker
PAMELA A. BARKER
Date:  April 22, 2025                               U. S. DISTRICT JUDGE