IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GPH Louisville Hillcreek LLC, et al., | Case No. 1:24mc00033 |
| Plaintiffs, | |
| | JUDGE PAMELA A. BARKER |
| -vs- | |
| | Magistrate Judge Jonathan D. Greenberg |
| Redwood Holdings, LLC, et al., | |
| Defendants. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg (Doc. No. 94)[1], which recommends that the Court enter an Order directing the Clerk of Court to return certain life insurance proceeds to Mass Mutual Life Insurance Company ("Mass Mutual") and directing Mass Mutual to restore Judgment Debtor Eli Gunzburg's whole life insurance policy. The Magistrate Judge further recommends that the Court decline Judgment Creditors' request for an Order confirming that the Judgment Creditors have a continuing garnishment lien on the proceeds of the Mass Mutual life insurance policy.

---

[1] The procedural history of this matter is set forth at length in this Court's April 22, 2025 Order (Doc. No. 72) and will not be repeated herein.  For context, however, the Court notes as follows.  On April 22, 2025, this Court directed the Magistrate Judge to conduct a hearing regarding the Orders and Notices of Garnishment sent to Mass Mutual Life Insurance Company and Charles Schwab.  (*Id*.)  The Magistrate Judge held a hearing on July 23, 2025, during which (among other things) the parties agreed to release the Charles Schwab funds back to Charles Schwab for deposit into the account(s) from which they came. (Doc. No. 79.)  The parties thereafter filed a Joint Stipulation regarding the Charles Schwab funds, followed by an Amended Joint Stipulation. (Doc. Nos. 80, 81.)  On August 1, 2025, the Court issued a Stipulated Order dismissing without prejudice the non-wage garnishment Order issued to Charles Schwab and the Order requiring Charles Schwab to pay amounts into Court in this action, and requiring the Clerk of the Court to return all funds paid into this Court by Charles Schwab in this action for Charles Schwab to place back into the accounts in Eli Gunzburg's name from which such funds were paid. (Doc. No. 82.)  Thus, the Charles Schwab funds are no longer at issue and are not addressed in the Report & Recommendation.

The Magistrate Judge's Report & Recommendation was filed on October 16, 2025. Objections were due within fourteen days (i.e., by October 30, 2025) but not filed. For the following reasons, the Report and Recommendation (Doc. No. 94) is ADOPTED.

**Standard of Review on Objections**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b)(3) provides in pertinent part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court held, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

**DECISION**

This Court, having reviewed the Report and Recommendation (Doc. No. 94) and finding no clear error, adopts the Magistrate Judge's Report and Recommendation in full. Accordingly, the Court hereby ORDERS the Clerk of Court to return the life insurance proceeds in the amount of $106,140.53 that were previously deposited with this Court (see Docket Entry dated Dec. 20, 2024), along with a copy of this Order, to Mass Mutual at the following address:

Massachusetts Mutual Life Insurance Company
c/o Litigation Department B430
1295 State Street
Springfield, MA 01111

The Court further ORDERS that, once those proceeds have been returned to Mass Mutual, Mass Mutual shall restore Judgment Debtor Eli Gunzburg's whole life insurance policy.  Lastly, the Court rejects Judgment Creditors' request that the Court issue an order confirming that Judgment Creditors have a continuing garnishment lien on the proceeds of the life insurance policy at issue.

**IT IS SO ORDERED.**

Date:  November 4, 2025

 s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE