IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GPH LOUISVILLE HILLCREEK LLC, *et al.*, | ) | CASE NO.  1:24-MC-00033-PAB |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| REDWOOD HOLDINGS, LLC, *et al.*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

On May 26, 2026, Judge Barker referred the Motion to Intervene filed by Non-party Benjamin Levi, in his capacity as Trustee of the Frank Gunzburg 2015 Succession Trust, the Eli M. Gunzburg Irrevocable Trust, the Eli M. Gunzburg Irrevocable Legacy Trust, and the Eli Gunzburg Irrevocable Insurance Trust ("the Motion to Intervene") (Doc. No. 101) to the undersigned for disposition.  (Doc. No. 103.)

For the reasons set forth in this Report and Recommendation, the undersigned recommends that the Court DENY the Motion to Intervene (Doc. No. 101).

## I.    Procedural History

Judge Barker recently set forth an exhaustive procedural history in her Order adopting the Report and Recommendation regarding the motions to quash filed by Judgment Debtor Eli Gunzburg.  (Doc. No. 102.)  Therefore, the Court includes only a brief procedural history relevant to the pending Motion to Intervene below.

On July 10, 2024, Judgment Creditors filed a Certificate of Judgment for Registration in the Northern District of Ohio, attaching Judge Jennings' May 1, 2024 Memorandum Opinion & Order.  (Doc. Nos. 1, 1-1.)  Judgment Creditors later filed a Notice attaching Judge Jennings' Findings of Fact and Conclusions of Law. (Doc. Nos. 2, 3.)

1

On July 25, 2024, Judgment Creditors filed Requests for Writs of Non-Wage Garnishment pursuant to Ohio Revised Code §§ 2716.11 and 2716.13 to nine (9) third-party garnishees, including the Frank Gunzburg 2015 Succession Trust (Doc. No. 7), Eli M. Gunzburg Irrevocable Trust 2010 (Doc. No. 8), and Eli M. Gunzburg Irrevocable Trust 2017 (Doc. No. 9).

On July 25, 2024, Judge Barker referred the instant action to the undersigned for general processing of the Requests for Writs of Non-Wage Garnishment, as well as any additional Requests or Applications for garnishment that may be filed, and the setting of a hearing, if necessary.  (Doc. No. 13.)  On August 1, 2024, the undersigned issued Orders and Notices of Garnishment for all nine (9) third party garnishees, including the three Trusts.  (Doc. Nos. 20, 22, 24.)

On August 20, 2025, Judgment Debtor filed a Motion to Quash Subpoena Issued to Eli M. Gunzburg Irrevocable Trust 2010, Eli M. Gunzburg Irrevocable Trust 2017, and Frank Gunzburg 2015 Succession Trust and for Protective Order.  (Doc. No. 85.)

On August 21, 2025, Judge Barker referred Judgment Debtor's Motions to Quash to the undersigned. (Doc. No. 87.)

On October 28, 2025, the undersigned issued a Report and Recommendation regarding Judgment Debtor's Motions to Quash.  (Doc. No. 96.)  In that Report and Recommendation, the undersigned recommended the Court grant in part and deny in part the Motion to Quash the subpoena to the Trusts and for Protective Order.

On November 9, 2025, Judgment Debtor filed objections to the Report and Recommendation regarding the subpoena to the Eli M. Gunzburg Irrevocable Trust 2010, Eli M. Gunzburg Irrevocable Trust 2017, and Frank Gunzburg 2015 Succession Trust.  (Doc. No. 99.)

On May 18, 2026, Non-party Benjamin Levi, in his capacity as Trustee of the Frank Gunzburg 2015 Succession Trust, the Eli M. Gunzburg Irrevocable Trust, the Eli M. Gunzburg Irrevocable Legacy Trust,

2

and the Eli Gunzburg Irrevocable Insurance Trust (hereinafter collectively "the Trusts") filed a Motion to Intervene.  (Doc. No. 101.)

On May 26, 2026, Judge Barker issued an Order adopting the Report and Recommendation regarding the motions to quash filed by Judgment Debtor Eli Gunzburg (hereinafter "the Order").  (Doc. No. 102.)  In the Order, Judge Barker denied Gunzburg's objections to the Trust Subpoena.  (*Id.* at 19.) Judge Barker agreed with the undersigned's recommendation that (1) the Trusts should not be required to respond to the Subpoena until a protective order is in place; and (2) the discovery requests in the Trust Subpoena should be limited to the previous seven years as of the date of this Order.  (*Id.* at 19-20.)  Judge Barker ordered the parties to file a proposed Stipulated Protective Order within seven (7) days of the date of the Order.  (*Id.* at 20.)

On June 2, 2026, the parties filed the proposed Stipulated Protective Order.  (Doc. No. 105.)

On June 3, 2026, Judge Barker issued the Protective Order.  (Doc. No. 106.)

## II. Analysis

In its motion, the Trusts seek leave to intervene under Fed. R. Civ. P. 24(a) and 24(b).  (Doc. No. 101.)  Rule 24(a) provides for intervention, as of right, on a timely motion to anyone with an unconditional statutory right or who claims an interest in the transaction "and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a).  Intervention is permissible under Rule 24(b) if, "[o]n timely motion," an intervener has a conditional statutory right or "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  Under either rule, "[i]f a motion is untimely, the court must deny intervention." *United States v. City of Detroit*, 712 F.3d 925, 930 (6th Cir. 2013) (citing *Mich. Ass'n for Retarded Citizens v. Smtih*, 657 F.2d 102, 105 (6th Cir. 1981)) (holding that an untimely motion dooms a Rule 24(a) motion); *Blount-Hill v. Zelman*, 636 F.3d 278, 287-

3

88 (6th Cir. 2011) (same concerning Rule 24(b) motions).  Timeliness is a "threshold issue;" a court must deny an untimely motion to intervene. *United States v. City of Detroit,* 712 F.3d 925, 930 (6th Cir. 2013)

Whether a motion to intervene is timely is within the sound discretion of the Court.  *Kirsch v. Dean*, 733 F. App'x 268, 274 (6th Cir. 2018) (citing *United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001)). To determine whether the motion is timely, the Court must balance the following factors:

(1) the point to which the suit has progressed;

(2) the purpose for which intervention is sought;

(3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his or her interest in the case;

(4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and

(5) the existence of unusual circumstances militating against or in favor of intervention.

*United States v. Michigan*, 68 F.4th 1021, 1024-25 (6th Cir. 2023) (citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 350 (6th Cir. 1990)).  "No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'" *Blount-Hill*, 636 F.3d at 284 (quoting *Stupak–Thrall v. Glickman,* 226 F.3d 467, 472-73 (6th Cir. 2000)).  The burden lies with the proposed intervenor to demonstrate the timeliness of the motion to intervene.  *United States v. Jankowski*, 2026 WL 2047045, at *2 (6th Cir. July 15, 2026) (citing *Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir. 1993)).

The Trusts argue that "[a]ll five factors favor intervention." (Doc. No. 101 at 9.)  Judgment Creditors assert that "to the extent that the Trusts premise their Motion to Intervene on the subpoena that was previously issued by Judgment Creditors to three of the Trusts, the Motion to Intervene is untimely."  (Doc. No. 111 at 11.)  Judgment Creditors argue that the Trusts failed to object to the subpoenas issued to them under Federal Rule of Civil Procedure 45(d)(2)(B).  (*Id.*)  Instead, the Trusts "waited almost nine months

4

after the subpoena was issued while Gunzburg's Motion to Quash was fully litigated (and was decided shortly after the filing of the Motion to Intervene)," rendering "any proposed intervention to contest such subpoena … clearly untimely." (*Id.*)

The Trusts respond that the Motion to Intervene "is not merely a belated F.R.C.P. 45 objection." (Doc. No. 115 at 7.) The Trusts reiterate that the "immediate trigger" for the Motion to Intervene was Judgment Creditors' "subpoena demanding documents showing all assets and liabilities of the Trusts and all Trust account bank statements, even though the Trusts already answered the garnishments by denying that they hold more than $400 in money, property, or credits of Gunzburg." (*Id.* at 3.) The Trusts maintain that the timing of the Motion to Intervene is "reasonable," as it was "filed after the Plaintiffs' collection efforts expanded from Gunzburg's personal assets to trust-related discovery and after it became clear that the Schwab subpoena and Trustee subpoena would reach accounts and information belonging to third parties." (*Id.* at 7.)

The Court proceeds to consider the five-factor balancing test to determine the timeliness of the Trusts' Motion to Intervene.

### a. The point to which the suit has progressed.

Under the first factor, "'[t]he absolute measure of time between the filing of the complaint and the motion to intervene' is less important to assessing timeliness than 'what steps occurred along the litigation continuum *during* this period of time.'" *Kirsch*, 733 F. App'x at 275 (quoting *Stupak–Thrall,* 226 F.3d at 475) (emphasis in original). The Court agrees with the Trusts that, unlike other cases, this is a miscellaneous action for purposes of enforcing a judgment out of the Western District of Kentucky, and therefore there is no trial or case management order in this case. (Doc. No. 101 at 9.) However, the Court disagrees that this fact causes this factor to weigh in favor of intervention. As Judgment Creditors point out, by the time the Trusts sought to intervene, Judgment Creditors and Judgment Debtor had fully briefed Judgment Debtor's Motion to Quash the subpoena issued to Eli M. Gunzburg Irrevocable Trust 2010, Eli M. Gunzburg

5

Irrevocable Trust 2017, and Frank Gunzburg 2015 Succession Trust and for Protective Order.  Not only that, but the undersigned had also issued a Report and Recommendation that the Motion to Quash the subpoena issued to Eli M. Gunzburg Irrevocable Trust 2010, Eli M. Gunzburg Irrevocable Trust 2017, and Frank Gunzburg 2015 Succession Trust and for Protective Order be granted in part and denied in part.  (Doc. No. 96.)  Indeed, eight days after the Trusts moved to intervene, Judge Barker issued her Order adopting the Report and Recommendation on the Motion to Quash the subpoena issued to Eli M. Gunzburg Irrevocable Trust 2010, Eli M. Gunzburg Irrevocable Trust 2017, and Frank Gunzburg 2015 Succession Trust (Doc. No. 102).  *See Kirsch*, 733 F. App'x at 275.

While the Trusts argue that their Motion to Intervene "is not merely a belated F.R.C.P. 45 objection" (Doc. No. 115 at 7), the fact remains that the Motion to Intervene challenges the subpoena as "overly broad and invades confidential and private matters of the Trusts," and that "it is an abuse of process to require the Trusts to expend man hours and resources to gather documents that will produce no financial gain for Judgment Creditors."  (*Id.* at 3.)  However, Judge Barker rejected such arguments in the Order, explicitly finding "that the information requested in the Trust Subpoena is relevant and subject to discovery."  (Doc. No. 102 at 16-20.)

For the foregoing reasons, this factor is at best neutral and at worst weighs slightly against intervention.  *See Kirsch*, 733 F. App'x at 275.

### b.  The purpose for which intervention is sought.

Regarding the second factor, the Sixth Circuit notes:

> We have been somewhat inconsistent in our approach to this second inquiry, at times focusing on whether "the movants have asserted a legitimate purpose for intervention," *Linton ex rel. Arnold v. Comm'r of Health & Env't*, 973 F.2d 1311, 1318 (6th Cir. 1992), and at other times asking whether the motion to intervene was timely in light of the stated purpose for intervening, *see Clarke v. Baptist Mem'l Healthcare Corp.*, 641 Fed.Appx. 520, 527 (6th Cir. 2016) (holding proposed intervenors' motion to intervene was timely because they "sought intervention for the limited purpose of appealing the denial of class certification," while another proposed intervenor's motion to intervene was untimely—even though it was filed

6

earlier in the case—because she "attempted to intervene to participate as a class representative in her own right"); *see also Stupak-Thrall*, 226 F.3d at 481 n.1 (Moore, J., dissenting) ("[T]he point of looking to the purposes of intervention as a factor in the timeliness analysis is to determine whether the proposed intervenors acted promptly in light of the purposes for which intervention was sought.").

*Kirsch*, 733 F. App'x at 275-76.

Under either framework, this factor weighs against intervention by the Trusts. The Trusts represent that the purpose of their intervention "is narrow and protective: to obtain a declaration of the Trusts' separate legal status before the Judgment Creditors can reach trust property, not to relitigate the underlying judgment or to delay any pending hearing." (Doc. No. 101 at 9.) In their response in opposition to the Motion to Intervene, Judgment Creditors argue that "right now there is no Judgment execution or enforcement action directed toward the Trusts or their assets at all." (Doc. No. 111 at 10.) In refuting that argument, the Trusts argue that they "seek intervention because the Plaintiffs have already used this Court's post-judgment machinery to issue garnishments to three of the Trusts, served a subpoena on the Trustee of the Trusts for broad trust financial records, and served a subpoena on Schwab for accounts in which Gunzburg is merely an authorized signatory." (Doc. No. 115 at 2.) Taking the Trusts at their word, then, causes the second factor to weigh against intervention: the Trusts failed to move to quash the subpoena on the grounds it now seeks as a basis for intervention, and given the nine months that have passed since the issuance of the subpoena, the Motion to Intervene is not timely given the stated purpose for intervention. Furthermore, as Judgment Creditors point out, even if Judgment Creditors later "seek to execute on assets belonging to the Trusts to satisfy the Judgment against Gunzburg, the Trusts would have an opportunity at that point in time to contest the actions by Judgment Creditors." (Doc. No. 111 at 10.)

c. **The length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his or her interest in the case.**

"Turning to the third factor, [the Court is] troubled by the length of time preceding the application to intervene during which [the Trusts] knew or should have known of their interest in this case." *Blount-*

7

*Hill*, 636 F.3d at 285.  The Trusts assert that they "could not reasonably have moved earlier because they had no occasion to do so until the Judgment Creditors' collection efforts began to reach – or threaten to reach – trust-held property. The August 7, 2025 Subpoena was the first overt step in that direction, and the Trusts now move within a reasonable period of that triggering event." (Doc. 101 at 9.)  But the Trusts offer no explanation for the nine-month passage of time between the issuance of the August 7, 2025 subpoena to the Trusts and the Trusts' Motion to Intervene.  The Trusts declined to file a motion to quash the subpoena issued to them; instead, it was Judgment Debtor who moved to quash.  The Trusts assert that they "cannot stand on the sidelines while their property and confidential financial information are exposed to collection efforts directed at a debtor who has no legal title to that property." (Doc. No. 101 at 3-4.)  However, the Trusts waited nine months from the issuance of the subpoena to intervene, and the Sixth Circuit has consistently rejected such a "wait-and-see" approach.  *See, e.g., Jankowski*, 2026 WL 2047045, at *4; *Kirsch*, 733 F. App'x at 278; *Blount-Hill*, 636 F.3d at 286.

The Court finds that the Trusts "failed to act promptly despite actual or constructive knowledge of their interest in this litigation, and that this failure weighs heavily against the timeliness of their application to intervene."  *Blount-Hill*, 636 F.3d at 286.  *See also Johnson v. City of Memphis*, 73 F. App'x 123, 134 (6th Cir. Aug. 4, 2003) (finding seven months' delay preceding proposed intervenors' motion to intervene during which they knew or should have known of their interest rendered motion untimely).

> **d. The prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention.**

Under the fourth factor, the Court "'consider[s] the prejudice to the named parties due to the failure to intervene at an earlier point." *Jankowski*, 2026 WL 2047045, at *4 (quoting *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 698-99 (6th Cir. 2021)).  The Trusts argue that "Plaintiffs identify no prejudice from allowing the Trusts to appear for a limited purpose," while in contrast, "denying intervention would prejudice the Trusts by excluding them from proceedings that directly affect their

property and fiduciary administration."  (Doc. No. 115 at 7.)  However, as the Trusts themselves acknowledge, this Court has already "adjudicate[d] the scope of subpoenas" and "the propriety of trust-related collection discovery."  (*Id.* at 5.)  *See Jankowski*, 2026 WL 2047045, at *4 ("Moreover, 'concern over delay and prejudice to the parties is particularly apparent' because Paula's intervention would also require the district court to 'reconsider its prior rulings'. . . .").  "By sitting on the sidelines until after [Judgment Creditors and Judgment Debtor] had engaged in a months-long motions practice . . . [the Trusts] increased the disruption associated with [their] proposed intervention."  *Kirsch*, 733 F. App'x at 278.

Therefore, the fourth factor also weighs against intervention.

### e.  The existence of unusual circumstances militating against or in favor of intervention.

The Trusts assert that "there are no unusual circumstances counseling delay; if anything, prompt intervention will narrow the scope of further post-judgment skirmishing and conserve judicial resources."  (Doc. No. 101 at 9.)  However, as Judgment Creditors argue (albeit in a different context), because this is a post-judgment matter seeking to execute on assets of the Judgment Debtor, "[e]ven if Judgment Creditors did, in the future, seek to execute on assets belonging to the Trusts to satisfy the Judgment against Gunzburg, the Trusts would have an opportunity at that point in time to contest the actions by Judgment Creditors."  (Doc. No. 111 at 10.)  The Court agrees with Judgment Creditors that "the Trusts offer no explanation of how Judgment Creditors could pursue execution against Trust assets **without** the Trusts having an opportunity to contest such execution."  (*Id.*) (emphasis in original).  Likewise, "the Trusts would have the opportunity to contest any further subpoenas issued to them."  (*Id.* at 11.)  "This is an important, unusual circumstance militating against allowing intervention."  *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 585 (6th Cir. 1982).

Having considered the circumstances of this case, the Court concludes the Motion to Intervene is untimely.  Because the Trusts' failure to satisfy the timeliness prong prevents intervention as of right, the

Court need not consider the other prongs. *Johnson*, 73 F. App'x at 134.  In addition, the Trusts' failure to satisfy the timeliness prong also prevents permissive intervention.  *Blount-Hill*, 636 F.3d at 287-88.  *See also Brunner v. LaRose*, Case No. 4:23-CV-2180, 2026 WL 1148227 (N.D. Ohio Apr. 28, 2026).

For all the foregoing reasons, the undersigned recommends that the Court DENY the Motion to Intervene (Doc. No. 101).

IT IS SO RECOMMENDED.


Date: August 13, 2026                                         *s/ Jonathan Greenberg*
                                                                          Jonathan D. Greenberg
                                                                          United States Magistrate Judge


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**